IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHOICE HOTELS INTERNATIONAL, INC.  :
:
v.  : Civil Action No. DKC 14-3814
:
VOYAGE HOSPITALITY, LLC, et al.  :

**MEMORANDUM OPINION**

This case is before the court on the application of Choice Hotels International, Inc. to confirm an arbitrator's award in its favor against Voyage Hospitality, LLC and Sobia Katariwala. The Clerk of Court entered default against Defendants (ECF No. 14) indicating that the summonses and copies of the application to confirm arbitration award were served on Defendants and they have failed to answer or otherwise respond within the time provided by the summonses and pursuant to the Federal Rules of Civil procedure.

As set forth in 9 U.S.C. § 9:

> [i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.  If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

Choice attached to its application a portion of the parties' contract, containing an agreement to arbitrate, and a copy of the award itself.  Paragraph 22 of the contract provides, in part, that:  "Judgment on the arbitration award may be entered in any court having jurisdiction."

> Review of an arbitrator's award is severely circumscribed.  Indeed, the scope of review of an arbitrator's valuation decision is among the narrowest known at law because to allow full scrutiny of such awards would frustrate the purpose of having arbitration at all - the quick resolution of disputes and the avoidance of the expense and delay associated with litigation.

*Apex Plumbing Supply v. U.S. Supply Co., Inc.*, 142 F.3d 188, 193 (4th Cir. 1998).  If there is a valid contract between the parties providing for arbitration, and if the dispute resolved in the arbitration was within the scope of the arbitration clause, then substantive review is limited to those grounds set out in § 10 of the Federal Arbitration Act (FAA), 9 U.S.C. § 10(a).  That section allows vacating of an award (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or misconduct on the part of the arbitrator; or (3) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.  9 U.S.C. § 10(a).  In addition, a court may overturn a legal interpretation of an arbitration panel if "it is in manifest disregard for the law." *See, e.g. Apex Plumbing*, 142 F.3d at 193 ("Federal courts may

vacate an arbitration award only upon a showing of one of the grounds listed in the [FAA], or if the arbitrator acted in manifest disregard of the law"); *Upshur Coals Corp. v. United Mine Workers of America*, 933 F.2d 225, 229 (4th Cir. 1991). Mere misinterpretation of a contract or an error of law does not suffice to overturn an award. *See Upshur*, 933 F.2d at 229. The burden is on the party challenging an award to prove the existence of one of the grounds for vacating the award.

By failing to answer or otherwise respond to Plaintiff's application, Defendants have not demonstrated any ground for vacating the award. Accordingly, Plaintiff's application to confirm an arbitrator's award will be granted.

```
                    _____/s/_____
                    DEBORAH K. CHASANOW
                    United States District Judge
```